Bruce F. Longaker, Appellant *v.* Zoning Hearing Board, Borough of Trappe, Appellee.

38

Argued April 9, 1976, before Judges Crumlish, Jr., Mencer and Rogers, sitting as a panel of three.

*Barry W. Kerchner,* with him *Markofski and Kerchner,* for appellant.

*Lawrence Sager,* with him *Sager & Sager Associates,* for appellee.

Opinion by Judge Crumlish, Jr., June 4, 1976:

In this zoning appeal, Bruce F. Longaker (Appellant) asks us to overturn an order of the court of common pleas which dismissed his appeal and let stand an order of the Zoning Hearing Board (Board) of the Borough of Trappe (Borough) refusing his application for a permit to operate an auto repair shop.

Appellant owns a tract of land upon which are a dwelling house and two storage garages. When he acquired the property, it was zoned limited industrial (LI). In 1970, he obtained a permit to erect one storage garage for the limited purpose of storing automobiles. Then, in 1973, he obtained a permit to erect the second *storage* garage. Later that year, Borough amended its zoning ordinance so that the portion of Appellant's land upon which rested the dwelling and first storage garage was thenceforth zoned residential (R-2). The portion of land containing the second garage remained classified as limited industrial.

Prior to the amendment, Appellant had requested and was denied a use permit to operate an auto repair shop in the first garage. He nevertheless engaged in the prohibited activity until a cease and desist order was issued. He then requested and was denied a use permit to operate an auto repair business in the second garage. His appeal from this denial was dismissed by both the Board and the court below.

The Board found that the boundary on Appellant's property between the R-2 and LI districts is precisely at the dividing wall between the two garages. Further, there is no direct access to the LI portion (second garage) of Appellant's land from any public highway or street. Access is only available via the R-2 portion. The lavatory facilities accommodating the second garage are located in the R-2 portion (dwelling house).

Appellant first contends that he was denied due process since Borough failed to provide application forms and, when he submitted his own ''self-styled application form'' Borough failed to transmit it to its council or its planning commission. He urges that Borough was in violation of its own zoning ordinance. This contention is without merit. To the contrary,

the Board concluded that: "[T]he original application was sufficiently deficient and incomplete with respect to the various requirements of Sec. 1016 of the Zoning Ordinance that no formal presentations before Council or the Planning Commission were required in order to determine that it should be denied. Some deficiencies still exist in the application but in the light of the extensive testimony taken before the Board, the merits of the appeal will be considered."

Regardless, Appellant had a hearing where he had ample opportunity to present evidence. Hence, he was not denied due process. Appellant's contention that no reason was given for the denial of the permit is also without merit since the Board in its opinion made findings of fact and conclusions of law in support of its decision.

Appellant next contends that he has a vested right to the repair shop use since (1) such a use is permitted in a LI zoning district, and (2) the building itself was erected after a permit was issued under the prior zoning ordinance. This contention is patently fallacious. As the court below observed, the prior permit was issued to allow the construction of the garage for auto *storage,* not auto *repair.* Although the proposed use is permitted in the LI zoning district, Appellant must obtain a permit (meeting all the other requirements of the ordinance) because he cannot transfer a permitted use for the storage of automobiles to one for the *repair* of automobiles where the building does not meet the physical requirements for buildings in LI zoning districts. In short, the Board did not abuse its discretion in denying Appellant's application for an auto repair use.

Affirmed.

Judge KRAMER did not participate in the decision in this case.